[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dissolution action involves a very short marriage and neither party made demands for an award of property or periodic alimony.
The sole issue is whether the defendant is entitled to some contribution from the plaintiff for funds she expended during the course of the marriage for "marital expenses." These expenses are varied, ranging from a swimming pool installation to the costs of evicting tenants from the defendant's house when this marriage ended.
As is usually the case in such situations, there is disagreement as to the whether both parties agreed to several of the expenditures. Other items of expense simply cannot be CT Page 4135 attributed to the plaintiff, and on the evidence presented, the court cannot charge the plaintiff with being responsible for the breakdown of the marriage.
The court finds that the plaintiff did receive a benefit by virtue of the improvements made by the defendant on the house he owned. Utilizing its equitable powers, the court concludes that the defendant should be reimbursed in the amount of $7100. This award shall be in the form of lump sum alimony.
The court finds it has jurisdiction in this case, and that the marriage has broken down irretrievably. It is therefore dissolved.
The defendant is awarded $1,000 as counsel fees and may resume her maiden name of Fisher.
ANTHONY V. DeMAYO, JUDGE